**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GO CREDIT, INC., DBA GO MONEY TRANSFERS; JOSEPH FADIDA; STATE OF GEORGIA (DEPARTMENT OF BANKING & FINANCE); MARIA LANDIS (AKA MARIA BORGES DE JESUS CONTRIM); ELIZABET LIDOVINA DA SILVA; JOVANIA HILARIO FERNANDES; CLEIDE ABRAO; ARNALDO MOLINA; MOLINA TRAVEL, DBA FLY TRAVEL; AGENOR CARLOS NETO; MARIA CARLOS LEMES DA PAIXAO; CLAUDIA C. PETERSON; HEITOR DE ALMEDA SOARS; GIOVANI BOLLIS; HENRIQUE CARMO; ANTONIA GENECY CASSIDY; JULIANA AMORIN DE CASTRO; FABRIZIO PATRICIO DE JESUS; JOSE MENDES HENRIQUES; CLEBSON LOPO; LUCIANA MATOSINHOS; JOAQUIM GENEROSO MENDES; FRANCISCO CORREIA DE OLIVEIRA; LINDOMAR MARTINS DE OLIVEIRA; UBITECH USA; WELLINGTON JOSE DIAS; ALEXANDRE DUARTE; AGENOR CARLOS NETO; GILVAN PEREIRA DOS SANTOS AND JANE AND JOHN DOES 1-10,<br><br>Defendants. | FILED IN CLERK'S OFFICE<br>U.S.D.C. Atlanta<br><br>SEP - 4 2007<br><br>JAMES N. HATTEN, CLERK<br>By: _____ Deputy Clerk<br><br>-CC<br><br>CIVIL ACTION NO.<br><br>__1:07-CV-2151__ |

# COMPLAINT FOR INTERPLEADER, DECLARATORY RELIEF AND INDEMNITY

**COMES NOW** State Farm Fire & Casualty Company ("State Farm" or "Plaintiff"), in the above-styled matter, and respectfully files this Complaint for Interpleader, Declaratory Judgment and Indemnity, showing the Court as follows:

### JURISDICTION, VENUE, PARTIES

1.

This is an action arising under federal law creating and authorizing an interpleader action pursuant to 28 U.S.C. §§ 1335, 1397 and 1361 (by a party who has had 2 or more claims asserted against it), and Plaintiff is or may be exposed to double or multiple liabilities and/or inconsistent obligations to compel the defendant bond claimants named herein to interplead their claims in compliance with federal law.

2.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1335.

3.

Venue is proper in this district under the provisions of 28 U.S.C. § 1397.

4.

Two or more claimants in this action are of diverse citizenship.

5.

Plaintiff is a corporation organized and existing under the laws of the State of Illinois having its principal place of business in Illinois.

6.

Two or more defendants are of diverse citizenship as required by 28 U.S.C. § 1335(a)(c).

7.

The remaining defendants are subject to the jurisdiction and venue of this Court.

### Count I

8.

Plaintiff restates and realleges the averments of paragraphs 1 through 7 as if fully set forth herein.

9.

Pursuant to the Financial Institutions Code of Georgia, § 7-1-680 through § 792, Plaintiff furnished a $95,000.00 bond, numbered 91-PZ-3720-6 (the "Georgia Bond") on behalf of Go Credit, Inc., dba Go Money Transfers ("Go Credit"), dated September 18, 2006. A true and complete copy of Plaintiff's Georgia Bond is attached as Exhibit "A".

10.

The named oblige on the Georgia Bond is the State of Georgia (Department Banking and Finance).

11.

The penal sum of the Georgia Bond is $95,000.00.

12.

In conjunction with the filing of this Complaint, Plaintiff shall make arrangements with the Clerk of the Court to transfer the amount of $95,000.00, which is the penal sum of the Georgia Bond into the registry of the Court, upon receipt of an Order of this Court authorizing the deposit.

13.

Defendants Maria Landis (aka Maria Borges de Jesus Contrim); Elizabet Lidovina Da Silva; Jovania Hilario Fernandes; Cleide Abrao; Arnaldo Molina; Molina Travel, dba Fly Travel; Agenor Carlos Neto; Maria Carlos Lemes Da Paixao; Claudia C. Peterson; Heitor De Almeda Soars; Wellington Jose Dias; Alexandre Duarte; Agenor Carlos Neto; and, Gilvan Pereira Dos Santos ("Georgia Claimants" or "Georgia Defendants"), have all made claims against Plaintiff as the surety-bondsmen for Go Credit. The total of these nine (9) Georgia Defendants' claims exceed the penal sum of the Georgia Bond.

14.

Defendant the State of Georgia represents the interest of unknown possible claimants ("Jane Does" and "John Does") as potential claimants under Georgia Bond provided by Plaintiff on behalf of Go Credit—although Plaintiff is not aware of any other actual claimants against the Georgia Bond or any other bond issued by State Farm.

15.

All Georgia Defendants are necessary and indispensable parties to this

litigation and are subject to the jurisdiction and venue of this Court.

16.

Go Credit was a Georgia corporation with its registered agent being Joseph Fadida, 425 Eastlake Drive, Marietta, Georgia 30062.

17.

Go Credit was registered to conduct business of transmitting money and selling and cashing checks, with its principal place of business 425 Eastlake Drive, Marietta, Georgia 30062.

18.

Georgia Defendants contend that they delivered money to Go Creditto wire transfer to third-party beneficiaries designated by the Georgia Defendants and claim that Go Credit never wire-transferred their money nor did Go Credit return any of the Georgia Defendant's money.

19.

In each of these claims, it is alleged that Go Credit violated the provisions of the Georgia Financial Institutions Code—and the Georgia Claimants appear to be correct in their allegations, with the total amount of their claims exceeding the penal sum of Plaintiff's Georgia Bond.

20.

Defendant, Joseph Fadida, president of Go Credit is under criminal investigation by the Cobb County Sheriff's Department for theft crimes for which charges have been made and/or are pending.

21.

Defendants Giovani Bollis; Henrique Carmo; Antonia Genecy Cassidy; Juliana Amorin de Castro; Clebson Lopo; Luciana Matosinhos; Francisco Correia de Oliveira; Lindomar Martins de Oliveira; and, Ubitech USA, are additional victims who have filed criminal theft complaints against Go Credit. These defendants may have claims against State Farm or the Georgia Bond for the actions of Mr. Fadida, Go Credit or pursuant to some other bond issued by State Farm.

22.

To Plaintiff's knowledge, two lawsuits have been filed against it–one by Georgia Defendants—Jose Mendes Henriques, Wellington Jose Dias, Alexandre Duarte, Fabricio Patricio De Jesus, Maria Angelina Landis, Joaquim Generoso Mendes, Agenor Carlos Neto, Maria Lemes De Paixao, and Gilvan Pereira Dos Santos; and the other by Georgia Defendant—Arnaldo Molina.

23.

The Georgia Defendants have made demand upon Plaintiff for payment of all or part of the Georgia Bond.

24.

Plaintiff is concerned that these and other claims which may be asserted against State Farm or the Georgia Bond by Georgia Defendants and/or other unknown potential claimants (although no other formal claims have been made), could render it liable beyond the penal sum of its bond.

## COUNT II
### DECLARATORY JUDGMENT

25.

The allegations contained in Paragraphs 1 through 24 inclusive, are incorporated by reference within this Count as if fully set forth herein.

26.

Plaintiff's obligations as a stakeholder are unclear.

27.

The Georgia Bond was issued pursuant to O.G.A. § 7-1-680 through § 792. It is a statutory bond under the provisions of the Georgia Financial Institutions Code.

28.

Plaintiff seeks that this Court determine who, as between all claimants are entitled to the single Georgia Bond penal sum of up to the limit of $95,000.00.

29.

Plaintiff seeks that this Court determine whether the claims asserted by the specifically named defendants are covered by the Georgia Bond.

30.

If this Court determines that all or any portion of the claims asserted by the individual named defendants are not covered under the Georgia Bond and that all the claims covered under the Georgia Bond are less than the $95,000.00 penal sum of the Georgia Bond, Plaintiff respectfully requests a refund of any Georgia Bond

proceeds that exceed the amount of any valid claims payable under the Georgia Bond.

## COUNT III
### INTERPLEADER

31.

The allegations contained in Paragraphs 1 through 30, inclusive, are incorporated by reference within this Count as if fully set forth herein.

32.

The claims asserted by the specifically named Georgia Defendants exceed the $95,000.00 penal sum of the Georgia Bond.

33.

Upon information and belief, there could be other persons and entities who might possibly be in a position to make claims against State Farm or the Georgia Bond—although Plaintiff is aware of none.

34.

Plaintiff recognizes its duty to satisfy its obligations and pay valid claims under the Georgia Bond.

35.

Plaintiff is subjected to multiple and conflicting claims.

36.

As a result of the multiple and conflicting claims identified in this action, Plaintiff is in doubt and cannot safely determine its liability as between the claims,

without great hazard to itself. Plaintiff does not know which of the Georgia Defendants, if any, it should properly pay.

37.

Unless the Georgia Defendants in this action and all claimants and potential claimants are restrained or enjoined from prosecuting suits against Plaintiff, either directly or indirectly, and from any effort to collect from Plaintiff any judgments rendered in any such suits, Plaintiff will be subjected to multiple or vexatious claims, inconsistent judgments, and will be prejudiced in the premises and subjected to numerous suits, the outcome of which will not be properly determinative of the manner in which the limited fund established by Plaintiff should be apportioned among the several claimants.

38.

It is possible that Plaintiff will need to add other Defendants subject to the jurisdiction and venue of this Honorable Court with respect to claims against State Farm or the Georgia Bond, and Plaintiff reserves the right to add defendants as they become known

39.

Plaintiff is prepared to deposit the $95,000.00 (the penal sum of the Georgia Bond) to the Clerk of this Court upon receipt of an Order authorizing it to do so and to abide by the orders and judgments of this Honorable Court.

## COUNT IV
### INDEMNITY AND EXONERATION

40.

The allegations contained in Paragraphs 1 through 39, inclusive, are incorporated by reference within this Count as if fully set forth herein.

41.

Go Credit, Inc., dba Go Money Transfers ("Go Credit") is the bonded principal of Plaintiff with respect to the Bond.

42.

Defendant, Joseph Fadida, executed a bond application dated September 11, 2006, in which he promised to completely indemnify Plaintiff from and against any liability, loss, cost, attorney's fees and expenses which Plaintiff shall at any time sustain as surety or by reason of having been surety on this or any other bond issued for Go Credit or for the enforcement of this agreement or in obtaining a release or evidence of termination under such bonds (the "Indemnity Agreement").

43.

Go Credit and Defendant Joseph Fadida are liable to Plaintiff for any amounts paid to any party in this proceeding plus the attorney's fees and expenses incurred by Plaintiff.

**WHEREFORE** after due proceedings, Plaintiff requests that:

1. Process be issued in the manner and form and returnable as by law required for each and all of the named Defendants herein;

2. Each of the Georgia Defendants and all claimants and potential claimants under Plaintiff's Georgia Bond be ordered and commanded to interplead and to settle among themselves their respective rights and claims to the $95,000.00 penal sum of the Georgia Bond;

3. This Court enter an order enjoining and restraining each and all of the named Georgia Defendants and all claimants and potential claimants under Plaintiff's Georgia Bond from instituting or prosecuting further any proceeding in any state or United States court on account of claims arising under or in connection with the Georgia Bond or any other bond issued by State Farm;

4. The Court determine who, between the Georgia Defendants and any additional claimants, has a claim against the Georgia Bond proceeds or any of them;

5. The Court determine whether the claims asserted by the individual named Georgia Defendants are covered under the Georgia Bond or any other bond issued by State Farm;

6. In the event the amount of covered claims under the Georgia Bond is less than the $95,000.00 penal sum, that Plaintiff be awarded the amount of the Georgia Bond sum that exceeds the amount of any valid claims payable under the Georgia Bond;

7. The Georgia Bond be released from any further liability under its Georgia Bond or any other bond issued on behalf of Go Credit, Inc., Joseph Fadida or any enterprise operated by Joseph Fadida;

8. On final hearing, each of the Georgia Defendants and their agents, attorneys, representatives, assigns and all other persons claiming by, through or under them or any of them and all claimants and potential claimants under Plaintiff's Georgia Bond be perpetually enjoined and restrained from instituting or prosecuting further any proceeding in this or any other court of law or in equity against Plaintiff on account of the $95,000.00 Georgia Bond or any other bond issued by State Farm;

9. In the event that the valid claims under the Georgia Bond exceed the $95,000.00 penal sum and that such sum is exhausted in paying those valid claims, that Plaintiff be fully and finally discharged from all liability under the Georgia Bond or any other bond issued by State Farm;

10. Plaintiff be awarded its attorneys fees and court costs in this proceeding as provided by 28 U.S.C. §§ 1335, 1397 and 136 or other laws.

11. Judgment be issued in favor of Plaintiff and against Go Credit, Inc. and Defendant Joseph Fadida for any amount Plaintiff has to pay to any other party in this proceeding, plus the attorney's fees and expenses incurred by Plaintiff.

12. The Court grant such further relief as may, in its discretion, determine mete and proper.

Respectfully submitted on this 31st day of August, 2007.

_____
TIMOTHY J. BORSON
Georgia Bar Number 097414
Attorney for Plaintiff
State Farm Fire and Casualty Company

BOVIS, KYLE & BURCH, LLC
53 Perimeter Center East
Third Floor
Atlanta, Georgia 30346
Telephone: (770) 391-9100
Facsimile: (770) 668-0878
Email: tjb@boviskyle.net

Jan. 16. 2007 9:44AM  No. 1335 P. 19
Printed by: NP1Q. Page: 1 of 1  Page 1 of 1
Case 1:07-cv-02151-CC  Document 1  Filed 09/04/07  Page 13 of 14

**STATE FARM FIRE AND CASUALTY COMPANY**
Bloomington, Illinois

**STIPULATION**

To be attached to and form a part of LICENSE & PERMIT
Bond No. 91-PZ-3720-6  (05 GA)  issued by State Farm Fire and Casualty Company
on behalf of BB CREDIT INC

in favor of STATE OF GEORGIA

Now, therefore, IT IS HEREBY STIPULATED AND AGREED by all parties that effective on SEPTEMBER 18, 2006, said bond described above is hereby amended as follows:

PRINCIPAL'S NAME IS AMENDED TO: GO CREDIT INC
DBA GO MONEY TRANSFERS

BOND AMOUNT IS AMENDED TO: $95,000.00
NINETY FIVE THOUSAND DOLLARS AND NO CENTS

It is further stipulated and agreed that nothing herein shall vary, alter or modify any of the conditions of said bond except as herein expressly modified.

Signed, Sealed and Dated SEPTEMBER 20, 2006.

Accepted

By: _____
         (Obligee)

(Principal)
STATE FARM FIRE AND CASUALTY COMPANY
(Surety)

By: Susan K. Johnson (SEAL)
Attorney-in-Fact

Obligee need sign only if coverage is deleted or diminished.

9/21/06 Sur.

75-9044 E 12-20-2002

GARY MOTLEY

1774 11 GA

Exhibit "A"

Jan. 16. 2007 9:44AM  No. 1335 P. 17
Printed by: NP1Q. Page: 1 of  Page 1 of 1
Case 1:07-cv-02151-CC    Document 1    Filed 09/04/07    Page 14 of 14

02 GA
Bond NO. 91 PZ 3720 6 "DUPLICATE"

## SURETY BOND
### SECTION 7-1-680-692- SALE OF CHECKS OR MONEY TRANSMISSION

KNOW ALL MEN BY THESE PRESENTS, That:

**BB CREDIT INC.**
**425 E LAKE DR**

of the City of **MARIETTA**, County of **COBB**, and State of **GEORGIA**, as principal, and **State Farm Fire and Casualty Company** of the City of **Bloomington**, County of **McLean**, State of **Illinois**, surety, are held and firmly bound unto the State of Georgia for the use and benefit of the State and of any claimant against the principal or his agents in the principal sum of **FIFTY THOUSAND** Dollars ($ **50,000.00**), for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally by these presents.

NOW, THEREFORE, the condition of the foregoing obligation is such that if the principal obligor shall pay any and all monies that any become due and owing any creditor of or claimant against the principal arising out of the principal's business of transmitting money or selling and issuing checks in this State, whether through its own acts or the acts of any agent of the principal, then this obligation will be void; otherwise the same will remain in full force and effect.

This obligation is issued under and is governed by Section 7-1-680 thru 692 of the Financial Institutions Code of Georgia, ("the Code") and the obligations of the surety shall be those therein set forth.

This bond becomes effective as of **MARCH 23, 2006**, in support of license issued for the term ending **December 31, 2006**. This obligation may be continued by appropriate renewal certificate in support of licenses issued for subsequent years. Pursuant to Section 7-1-686(o) of the Code, this bond may not be canceled by either the licensee or the corporate surety except upon notice to the department by registered or certified mail with return receipt requested, the cancellation to be effective not less than 30 days after receipt by the department of such notice and only with respect to any breach of condition occurring after the effective date of such cancellation.

IN WITNESS WHEREOF, the parties hereto have hereunto set our hands and affixed our seals this **17TH** day of **MAY, 2006**.

_____     (SEAL)
Principal

By _____
   Title

**State Farm Fire and Casualty Company**
Surety

Countersigned by. _____
                    Attorney in Fact

_____
Licensed Resident Agent
FSB-400011GA

5/18/06 swag